IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD EDWARD GAGE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3220 |
| | ) | |
| v. | ) | |
| | ) | |
| CRETE CARRIER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed his complaint in this matter on December 23, 2013 (Filing No. 1.) Plaintiff received leave to proceed in forma pauperis (Filing No. 7). The Court now conducts an initial review of plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff Donald Gage filed his complaint against one defendant, Crete Carrier ("Crete"). On February 5, 2005, plaintiff was operating a tractor trailer for Crete. (*Id*. at CM/ECF p. 2.) While attempting to turn his tractor trailer around, plaintiff found himself stuck due to some frozen, damp dirt beneath his rear tires. (*Id*.) Plaintiff claims that while exiting his tractor trailer, he witnessed an approaching vehicle crash into his trailer. (*Id*.) As a result of experiencing this accident, plaintiff alleges that he suffers from Post Traumatic

Stress Disorder ("PTSD"). Plaintiff further claims that his PTSD is adversely affecting his employment abilities, he has been denied worker's compensation from Crete, and Crete's insurance personnel are not cooperating with his complaints. (*Id*.) Plaintiff has not exhausted any administrative procedures through state and federal government agencies. (*Id*. at CM/ECF p. 5.) Plaintiff is seeking compensation from Crete in the amount of $350,000,000.00 for employment discrimination, and violation of civil rights. (*Id*. at CM/ECF p. 4.)

**II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim

-2-

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted). Pro se litigants must comply with the Federal Rules of Civil Procedure. See *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Liberally construed, plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION OF CLAIMS**

In evaluating plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Furthermore, the plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, plaintiff alleges that his claim arises under the Constitution, laws or treaties of the United States. However, as discussed below, the Court cannot determine whether jurisdiction is proper based on the information set forth in the complaint.

    **A.   Federal Question Jurisdiction**

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts: rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly.

*Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West*, 487 U.S. at 48. Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014); *Dossett v. First State Bank*, 399 F.3d 940, 947 (2005); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Here, plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. Plaintiff has sought to exert a claim based on employment discrimination. To the extent that all circuits have held that a plaintiff alleging employment discrimination is not limited to recovery under Title VII, but may also recover under Section 1983 if he proves the alleged discrimination violated his equal protection rights under the Fourteenth Amendment, plaintiff has failed to assert the basis of discrimination. *Henley v. Brown*, 686 F.3d 634, 642-43 (8th Cir. 2012); *see also Hervey v. City of Little Rock*, 787 F.2d 1223, 1233 (8th Cir. 1986). Except for the

implication that plaintiff is male, he has not alleged his membership in a protected class, such as race, national origin, gender, age, and/or disability.  Furthermore, plaintiff asserts a claim that Crete violated his civil rights.  However, the complaint lacks any indication that Crete was acting under color of state law.  Plaintiff's main argument is that he was unable to receive worker's compensation from Crete, and that Crete's insurance personnel are not cooperative (Filing No. 1 at CM/ECF p. 2).  Accordingly, plaintiff's allegations do not establish that federal-question jurisdiction exists in this matter.

      B.   **Diversity of Citizenship Jurisdiction**

Subject-matter jurisdiction may also be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).

While a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the

party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. V. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id*. (quotation omitted).

Though plaintiff has not indicated an intention to assert diversity of citizenship jurisdiction, he has provided an Arizona address for himself and a Nebraska address for Crete. (*Id*. at CM/ECF p. 1.) Accordingly, the Court can determine that plaintiff's citizenship differs from Crete's. However, the Court has serious doubts that the claim for money damages made by plaintiff in excess of $350,000,000.00 is legitimate. Plaintiff fails to state any facts or legal theories alleging why Crete should be liable to him for this amount. Thus, in accordance with *Trimble*, the Court will require plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that the Court has subject-matter jurisdiction. *See Trimble*, 232 F.3d at 959-60. This matter will not proceed until plaintiff does so. Accordingly,

-7-

IT IS ORDERED:

1. Plaintiff will have 30 days from the date of this memorandum and order to amend his complaint to set forth a short and plain statement of the grounds for the Court's jurisdiction.

2. Plaintiff will have 30 days from the date of this memorandum and order to file sufficient evidence showing that the amount in controversy is greater than $75,000.00, the jurisdictional limit.

3. The Court reserves the right to conduct further review of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after plaintiff addresses the matters set forth in this memorandum and order.

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 7, 2014: deadline for plaintiff to amend.

5. Plaintiff must keep the Court informed of his current address at all times while this case is pending. Failure

to do so may result in dismissal of this matter without further notice.

        DATED this 5th day of June, 2014.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court

---

    * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.