IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD EDWARD GAGE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3220 |
| | ) | |
| v. | ) | |
| | ) | |
| CRETE CARRIER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on its own motion. On June 5, 2014, the Court ordered plaintiff to amend his complaint to "set forth a short and plain statement of the grounds for the Court's jurisdiction." (Filing No. 8 at CM/ECF p. 8.) Plaintiff filed an amended complaint on June 13, 2014 (Filing No. 9). The Court will consider plaintiff's amended complaint as supplemental to his original complaint. NECivR 15.1(b)(stating that in pro se cases, the Court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

Plaintiff asserts a workers' compensation claim against Crete Carrier, a Nebraska-based company, in his complaint and amended complaint (Filing No. 1 and Filing No. 9). Plaintiff alleges that, while employed by Crete Carrier, a vehicle collided into a tractor trailer he was operating for Crete Carrier. Plaintiff suffered physical and mental injuries as a result of

the collision. Plaintiff alleges that he has "attempted numerous times to contact Crete Carrier as to workmans [sic] compensation," but his attempts have been ignored (Filing No. 1 at CM/ECF p. 2; *see also* Filing No. 9).

The basic principle of workers' compensation in Nebraska is stated in § 48-101:

> When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefore from his or her employer if the employee was not willfully negligent at the time of receiving such injury.

Neb. Rev. Stat. § 48-101. In *Cincinnati Indemnity Co. v. A & K Construction, Co.*, the Eighth Circuit Court of Appeals held "a district court has subject matter jurisdiction to try an original action concerning a state workers' compensation claim, if the requisites of diversity jurisdiction are met." 542 F.3d 623, 624 (8th Cir. 2008); *see also Triple H Debris Removal, Inc. v. Companion Property and Cas. Ins.*, 560 F.3d 881, 884 (8th Cir. 2009).

Here, liberally construed, plaintiff has stated a claim upon which relief could be granted under Nebraska's workers' compensation laws. In addition, plaintiff has alleged that the parties are diverse and the amount in controversy exceeds

-2-

$75,000.00.  *See* 28 U.S.C. § 1332 (diversity jurisdiction exists if there is complete diversity of citizenship and the amount in controversy is greater than $75,000).  Accordingly, the Court finds that plaintiff's claims against defendant may proceed to service of process.  However, the Court cautions plaintiff that this is only a preliminary determination based on the allegations of the complaint and amended complaint and is not a determination of the merits of plaintiff's claims or potential defenses thereto.

      IT IS ORDERED:

      1.   To obtain service of process on defendant, plaintiff must complete and return the summons form that the Clerk of the Court will provide.  The Clerk of the Court shall send one summons form and one USM-285 form to plaintiff, together with a copy of this memorandum and order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court.

      2.    Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of the complaint and amended complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and the complaint and amended complaint without payment of costs or fees.  Service may be by certified mail pursuant to Federal Rule

of Civil Procedure 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the Court will copy the complaint and amended complaint, and plaintiff does not need to do so.

       3.   Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because plaintiff is informed for the first time of these requirements in this order, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

       4.   Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

       5.   The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**November 25, 2014:**  Check for completion of service of summons."

       6.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the Court informed of his current address at all times

while this case is pending.  Failure to do so may result in dismissal.

DATED this 29th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.