IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
DONALD EDWARD GAGE,           )
                              )
              Plaintiff,      )        4:13CV3220
                              )
      v.                      )
                              )
CRETE CARRIER,                )        MEMORANDUM OPINION
                              )
              Defendant.      )
_____)
```

This matter is before the Court on the motion to dismiss (Filing No. 15) of defendant Crete Carrier ("Crete"). After review of the motion, brief, index of evidence, and relevant law, the Court finds as follows.

I.   **BACKGROUND**

Plaintiff Donald Gage ("Gage") filed his complaint December 23, 2013 (Filing No. 1). Gage complained of a traffic accident on February 5, 2005, where he allegedly experienced a traumatic event. Gage states he now suffers from post-traumatic stress as a result of his on-duty accident; Gage also states that his employer Crete refused to aid him in workers compensation claims. Gage originally claimed jurisdiction under the Constitution, civil rights, and employment discrimination (*Id.* at 4).

Upon initial review for summary dismissal under Title 28, Section 1915, the Court found that Gage failed to properly plead federal question jurisdiction (Filing No. 8, at 5-6). However, the Court found that Gage was a citizen of Arizona and Crete was a resident of Nebraska (*Id.* at 7). Gage requested large, unjustified damages (Filing No. 1, at 5). Therefore, the Court ordered Gage to amend his complaint in thirty days and substantiate his damages request with facts that could lead the Court to find diversity jurisdiction existed (Filing No. 8, at 8). Within thirty days, Gage amended his complaint (Filing No. 9) to the Court's satisfaction (Filing No. 10). The Court found that Gage successfully pled a Nebraska workers compensation claim (Filing No. 10, at 2-3).

In September after Crete received its service of process, it filed the instant motion. Crete argues for dismissal on three bases. First, Gage's claims are barred by the exclusive remedy of Nebraska Workers Compensation statutes (Filing No. 16, at 3-4). Second, Gage's claims are time barred (*Id.* at 4-5). Third, Gage failed to sufficiently provide another basis for his claim. Gage has not responded to Crete's motion, though he filed a supplement to his complaint which has no effect on the Court's analysis of Crete's motion (*See* Filing No. 17).

**II.  LEGAL STANDARD**

A court may grant a motion to dismiss when the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility. It is not, however, a probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotations and citations omitted).

**III. DISCUSSION**

Gage's claim is time barred. The Court applies the substantive law of Nebraska. Under Nebraska law, the statute of limitation in injuries not arising under contract is four years. Neb. Rev. Stat. § 25-207. The date of the alleged injury was February 2005 which means the statute of limitation ran by February 2009. Therefore, the Nebraska statute of limitations

bars Gage's claim.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 9th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court