IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD EDWARD GAGE, | |
| Plaintiff, | 4:13-CV-3220 |
| vs. | ORDER |
| CRETE CARRIER, | |
| Defendant. | |

The plaintiff in this long-closed case, Donald Edward Gage, has filed a motion to reopen the judgment of dismissal entered in October 2014. Filing 37; *see* filing 19. The Court will deny the plaintiff's motion.

BACKGROUND

The plaintiff first sued the defendant, Crete Carrier, in 2013. Filing 1. Briefly summarized, he alleged that Crete Carrier was his former employer, that he had been involved in an on-the-job traffic accident, that he suffered post-traumatic stress disorder as a result of the accident, and that Crete Carrier had refused to pay workers' compensation. Filing 1 at 2. This, he claimed, was unconstitutional, violated his civil rights, and constituted employment discrimination. Filing 1 at 4.

On initial review, the Court found no basis for federal question jurisdiction and expressed "serious doubts" about the plaintiff's claim of $350 million in damages. Filing 8 at 6-7. So, the Court required the plaintiff to amend his complaint to establish federal jurisdiction. Filing 8 at 8. A supplemental filing suggested lost wages of $432,000 and substantiated his allegation of post-traumatic stress disorder, so the case proceeded to service of process. Filing 9; filing 10.

Crete Carrier moved to dismiss the plaintiff's claims based on, among other things, the statute of limitations. Filing 15. Crete Carrier noted that the date of the plaintiff's accident was allegedly February 5, 2005, making his 2013 lawsuit well out of time. Filing 16 at 4; *see* filing 9 at 1. The Court agreed, finding that a four-year statute of limitations applied and that it had elapsed in February 2009. Filing 18 at 3 (citing Neb. Rev. Stat. § 25-207). So, the case was dismissed on October 9, 2014. Filing 19.

In February 2016, the plaintiff filed a motion to transfer the case to Arizona, where he lived. Filing 20. The Court denied that motion in June 2016, because "no action is pending that can be transferred to Arizona." Filing 21. In March of this year, the plaintiff filed a notice of appeal from the 2014 judgment. Filing 23 at 1-2. At the same time, he filed a "notice" suggesting that the statute of limitations should not have barred his claim because he has been under a legal disability since 2003. Filing 25. The Court of Appeals dismissed the plaintiff's appeal as untimely. Filing 35.

The plaintiff has now filed a "Motion to Re-Open." Filing 37. In it, he alleges: "Being that all and correct documents are now being submitted, and the delay is due to being under a Legal Disability." Filing 37 at 1. As support, the plaintiff has provided the Court with, among other things:

- A September 21, 2020 letter from the Social Security Administration stating that his "disability entitlement began 03/2003,"

- A copy of an Indiana state statute providing for tolling of a statute of limitations for a person under a legal disability,

- Several "statements of claim" reasserting his allegations that he was injured in a 2005 accident that was not his fault and that Crete Carrier violated his civil rights by refusing his claims.

Filing 37.

## STANDARD OF REVIEW

The plaintiff does not identify any legal authority for reopening his case, but there's really only one thing it could be: Fed. R. Civ. P. 60(b)(6) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any "reason that justifies relief."[1] But Rule 60(b) is not a substitute for a timely appeal. *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

Relief under Rule 60(b)(6) is available only in extraordinary circumstances. *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017). In determining whether exceptional circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process. *Id.* at 778. But relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented him from receiving adequate redress. *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018). And the motion "must be made within a reasonable time." Rule 60(c)(1); *see Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021).

## DISCUSSION

The gist of the plaintiff's argument, as the Court understands it, is that the Court's 2014 dismissal of his claims was in error because the statute of limitations for his claims had been tolled by his disability. Despite the plaintiff's citation to Indiana law, the relevant provision is a Nebraska statute: Pursuant to Neb. Rev. Stat. § 25-213, if a person entitled to bring a civil action

---

[1] Other provisions of Rule 60 would have been more applicable—for instance, mistake or newly discovered evidence, *see* Rule 60(b)(1)-(2)—but those provisions require a motion to be made no more than a year after the entry of the judgment, *see* Rule 60(c)(1).

was "at the time the cause of action accrued . . . a person with a mental disorder . . . every such person shall be entitled to bring such action within the [statute of limitations] after such disability is removed." But

> a person with a mental disorder under § 25–213 is one who suffers from a condition of mental derangement which actually prevents the sufferer from understanding his or her legal rights or from instituting legal action[,] and . . . a mental disorder within the meaning of § 25–213 is an incapacity which disqualifies one from acting for the protection of one's rights.

*Maycock v. Hoody*, 799 N.W.2d 322, 329 (Neb. 2011); *accord Wisner v. Vandelay Invs., L.L.C.*, 916 N.W.2d 698, 725-26 (Neb. 2018); *see Anonymous v. St. John Lutheran Church of Seward*, 703 N.W.2d 918, 926 (Neb. Ct. App. 2005); *Vergara v. Lopez-Vasquez*, 510 N.W.2d 550, 554 (Neb. Ct. App. 1993); *see also Sacchi v. Blodig*, 341 N.W.2d 326, 330 (Neb. 1983); *Bridgeman v. Neb. State Pen*, 849 F.2d 1076, 1078 (8th Cir. 1988).

So, for instance, in *Bridgeman*, the Eighth Circuit found that the plaintiff had failed to show "mental derangement" where he had a diagnosed mental illness, but had also adjusted well to an institutional setting and evinced his awareness of the workings of the courts. 849 F.2d at 1078. And in *Anonymous*, the Nebraska Court of Appeals found that the plaintiff had failed to show a mental disorder where her expert witnesses opined that she had "been plagued by a variety of medical and physical ailments including post-traumatic stress disorder" but failed to opine that she "suffered from a mental disorder which actually prevented her from understanding her legal rights or from instituting legal action." 703 N.W.2d at 927.

There is even less—far less—in this case. All the Court has is the plaintiff's allegation of a disability, his diagnosis of post-traumatic stress

disorder, and a notice of a "disability entitlement" date from the Social Security Administration that doesn't identify the disability. There is nothing in the record—much less expert opinion testimony, *see Anonymous*, 703 N.W.2d at 926-27—showing that any disability ever rendered the plaintiff incapable of understanding his legal rights or initiating legal action. *See Maycock*, 799 N.W.2d at 329. And as a matter of fact, the plaintiff actually *did* initiate legal action during the period of his alleged disability, demonstrating his awareness of the workings of the courts. *Cf. Bridgeman*, 849 F.2d at 1078.

As a result, the plaintiff has failed to show any basis for relief under Rule 60(b)(6)—he hasn't made any showing that the Court's 2014 dismissal of his case was incorrect, much less that he was denied a full and fair opportunity to present his claim. Furthermore, he hasn't explained why the scant evidence he now provides of disability couldn't have been provided in 2014, nor why it hasn't been presented before now, meaning that the Court has no basis to conclude that his motion to reopen was brought within the required "reasonable time." *See* Rule 60(c)(1). Accordingly,

IT IS ORDERED that the plaintiff's "Motion to Re-Open" (filing 37) is denied.

Dated this 5th day of May, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

- 5 -